Kenneth Green
State Bar No. 24036677
kgreen@snowspencelaw.com
Blake Hamm
State Bar No. 24069869
blakehamm@snowspencelaw.com
Carolyn Carollo
State Bar No. 24083437
carolyncarollo@snowspencelaw.com
Snow Spence Green LLP
2929 Allen Parkway, Suite 2800
Houston, TX 77019
Telephone: (713) 335-4800
Facsimile: (713) 335-4848

PROPOSED COUNSEL FOR OFFICIAL COMMITTEE
OF UNSECURED CREDITORS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **In re:** § | **CHAPTER 11** |
| § | |
| **Arabella Petroleum Company, LLC** § | **CASE NO. 15-70098-rbk** |
| § | |
| **Debtor.** § | |

## EMERGENCY MOTION TO SHORTEN RULE 2004 EXAMINATION DEADLINES AND ORDER RULE 2004 EXAMINATIONS

TO THE HONORABLE CHIEF BANKRUPTCY JUDGE RONALD B. KING:

The Official Committee of Unsecured Creditors (the "Committee")[1] files this *Emergency Motion to Shorten Rule 2004 Examination Deadlines and Order Rule 2004 Examinations* (the

---

[1] The Committee was formed on Friday, July 24, 2015 and is comprised of the following members:

- Baker Hughes Oilfield Operations, Inc.;
- Buckeye, Inc.;
- Jet Specialty, Inc.; and
- Crossfire, LLC.

*See* Notice of Appointment of Committee of Unsecured Creditors at Docket No. 37.

1

"Motion") and would respectfully show the Court as follows:

## I.
## SUMMARY OF RELIEF REQUESTED

1.  The Committee brings this Motion to protect its rights to investigate the imminent transfer of oil and gas assets that may have been fraudulently transferred from Debtor to an unnamed third-party buyer and, if necessary, prevent a further transfer that could prevent their recovery for the estate. On July 15, 2015—five (5) days after Debtor Arabella Petroleum Company, LLC ("Debtor") filed for bankruptcy protection in this Court—Arabella Exploration, Inc. ("AEI") filed the Form 8-K attached hereto as **Exhibit 1** with the Securities and Exchange Commission. In relevant part, AEI reported that:

> On July 15, 2015, Arabella Exploration, Inc. … entered into a Purchase and Sale Agreement with a third party buyer …, dated as of July 1, 2015, and a letter agreement with McCabe Petroleum Corporation ("McCabe"), dated as of April 15, 2015, pursuant to which Arabella will sell its ownership interest in certain of its properties for cash and properties with a potential value totaling approximately $47 million. Pursuant to the agreements, the transactions will close simultaneously and Arabella will transfer its Locker State, Graham, Woods, Jackson and Emily Bell prospects to Buyer and will receive cash and certain properties from Buyer and McCabe. Arabella will receive the following in connection with the two transactions:
>
> • $15 million in cash, subject to certain closing adjustments.
>
> • Producing property in the Southern Delaware Basin with net production of approximately 88 BOE/Day. Arabella estimates the value of this property to be approximately $6 million.
>
> • A participation agreement covering 20,000 undeveloped acres (gross and net) in the Midland Basin, valued by Arabella at approximately $1,000/acre or $20 million total.
>
> • An option to purchase approximately 1,000 net acres of royalty interests underlying the 20,000 acres in the Midland Basin, valued at approximately $3 million net of the option cost.
>
> • The return of 1,003,597 of Arabella's ordinary shares and the rights to certain earn-out shares valued at approximately $3 million; the 1,003,597 shares will be canceled upon receipt (provided that such shares may be reissued in the event that Arabella does not drill at least one well on its new property within one year from the closing date).

> Arabella anticipates that the transactions will close on or about **July 31, 2015**. The closing of the transactions are subject to certain closing conditions, including Buyer receiving the approval of its Board of Directors, Buyer having received financing for the transaction, **court approval of a bankruptcy court in the event of a bankruptcy filing of Arabella or one of its affiliates**.

Ex. 1 (emphasis added). The Committee believes that AEI may have obtained all or a part of "Locker State, Graham, Woods, Jackson and Emily Bell prospects" (the "Subject Property") via fraudulent transfers from Debtor. The Committee is specifically concerned that AEI might have obtained at least some of the Subject Property via transfers that Debtor's 100% shareholder and AEI's Chief Executive Officer, Jason Hoisager, caused Debtor to make between March 2013 and May 2015 in exchange for little or no adequate consideration.

2.  As explained below, the Committee seeks the Court's permission to examine Debtor, AEI, and McCabe to obtain information regarding (i) the sale transaction described in AEI's most recent Form 8-K (the "AEI Sale") and (ii) the transfer of former Debtor oil and gas properties which may be a part of the AEI Sale. Emergency relief is requested because the AEI Sale closes just three (3) days from now on July 31, 2015. If the Committee is correct, the AEI Sale could place fraudulently transferred oil and gas properties into the hands of a good faith purchaser for value and, therefore, arguably beyond Debtor's ability to recover those properties under either 11 U.S.C. § 548 or the Texas Uniform Fraudulent Transfer Act.

## II.
## JURISDICTION AND VENUE

3.  This Court has jurisdiction to consider this Motion under 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory bases for the relief requested herein are sections 105 and 1103 of title 11 of the United States Code, as supplemented by Federal Rule of Bankruptcy Procedure 2004 and L. Rule 2004 of the Local Court Rules of the United States Bankruptcy Court for the

Western District of Texas.

## III.
## BACKGROUND FACTS

5.      On February 13, 2007, Debtor was formed as a Texas limited liability company. *See* Debtor Certificate of Formation, attached as **Exhibit 2**. Jason Hoisager is Debtor's 100% owner and managing member. *See id*.; *see also* excerpts from AEI's April 30, 2014 Form 20-F, attached as **Exhibit 3** at p. 39 of 151.

6.      On October 2, 2009, Arabella Exploration, LLC ("AEX") was formed as a Texas limited liability company. *See* AEX Texas Secretary of State Records, attached as **Exhibit 4**. Jason Hoisager is AEX's registered agent, and AEX is wholly owned by AEI. *See id*.

7.      On June 17, 2010, AEI was formed "as an exempted company under the laws of the Cayman Islands." Ex. 3 at p. 27 of 151. AEI's President and Chief Executive Officer is Jason Hoisager. *See id*. at p. 39 of 151.

8.      As of April 30, 2014, Debtor was "the operator of record for [AEI's] properties with the Texas Railroad Commission." *Id*. But AEI did not intend for Debtor to continue as operator. *See id*. ("Application will be made to the Railroad Commission to change the operator of record to us. This process will be completed as soon as logistically and reasonably possible. The Merger Agreement provides that Arabella Petroleum Company, LLC may continue to use the name 'Arabella' for this purpose only until this process is complete, at which point Arabella Petroleum Company, LLC will cease to use the name.").

9.      AEI, either on its own or through AEX, owns interests in the mineral leases on which the following Reeves County wells were drilled: (i) the SM Prewitt #1H, completed in December 2012; (ii) the Locker State #1H, completed in March 2013; (iii) the Graham #1H, completed in May 2013; (iv) the Woods #1H, completed in August 2013, (v) the Vastar #1V,

4

completed in December 2013; and (vi) the Jackson #1H, completed in January 2014. *See id.* at pp. 40–41 of 151.

10. According to AEI, Debtor operated each of these wells for AEI as of April 2014. *See id.* at 41 of 151 (the wells were operated by "Arabella Petroleum Company, LLC, an affiliate of Jason Hoisager, Arabella's President").

11. As of December 31, 2013, AEI owed Debtor $3,695,119 "for joint interest billings." *Id.* at 94 of 151.

12. According to AEI, Debtor agreed to convey "all right, title and interest in the personal property (both tangible and intangible property)" that Debtor required to operate AEI's oil and gas properties "as soon as practicable" after April 2014. *Id.*

13. Also according to AEI, it was "indebted to Jason Hoisager for $3,007,170 as of December 31, 2013" on account of "oil and gas properties that Mr. Hoisager had [Debtor] transfer at cost to [AEI]." *Id.* AEI's "indebtedness [to Mr. Hoisager] is evidenced by a subordinated unsecured promissory note, which note bears no interest and matures in 2023." *Id.*

14. "During the year ended December 31, 2013, the sole member, Jason Hoisager, transferred a carrying value of $6,014,340 in oil and gas properties from Arabella Petroleum Company, in exchange for a $3,007,170 non-interest bearing, unsecured loan to Jason Hoisager and an equity contribution in the amount of $3,007,170." *Id.* at p. 80 of 151.

15. On September 4, 2014, a Deed of Trust, Security Agreement, Assignment of Production, Financing Statement and Fixture Filing from AEX to Platinum Partners Credit Opportunities Master Fund LP ("Platinum Trustee"), Trustee to and for the benefit of Platinum Long Terms Growth VIII, LLC as Administrative Agent for the Holders ("Platinum Beneficiary") (collectively Platinum Trustee and Platinum Beneficiary are "Platinum") was

recorded in the real property records of Reeves County, Texas. *See* excerpts from "Platinum Deed of Trust," attached as **Exhibit 5**. Pursuant to the Platinum Deed of Trust, AEX pledged at least eighty (80) mineral leases to Platinum as collateral that were originally held by Debtor. *See id*. at pp. 3–6 & 8–21. AEX did not transfer record title to at least some of these leases until May 15, 2015—just two months before Debtor filed for bankruptcy protection. *See, e.g.,* May 15, 2015 Assignment, attached as **Exhibit 6**.

16. At present, Debtor does not appear to operate any oil and gas properties or own any oil and gas interests. *See Opposition to Motion of Baker Hughes Oilfield Operations, Inc. to Appoint Chapter 11 Examiner* [Dkt. No. 40] at p. 3–4 ("The transfer of operations already occurred in compliance with all applicable agreements between [Debtor] and all working interest owners. The operator of record is Arabella Operating, LLC, which is a wholly-owned subsidiary of Arabella Exploration, Inc."); *see also Debtor's Motion for Entry of an Order Authorizing the Debtor (I) to Employ and Retain CohnReznick LLP as Crisis Managers for the Debtor Nunc Pro Tunc to the Commencement Date, and (II) to Appoint Chad J. Shandler as Chief Restructuring Officer* [Dkt. No. 13] at p. 1 ("The Debtor was the operator of numerous oil and gas properties located in Texas and North Dakota, substantially all of which are [now] owned by non-debtor Arabella Exploration, Inc.").

17. On July 10, 2015, Debtor filed its voluntary petition for relief under chapter 11 the United States Bankruptcy Code. *See* Docket No. 1.

18. "On July 15, 2015, AEI entered into a Purchase and Sale Agreement with [an unknown third party buyer], dated as of July 1, 2015, and a letter agreement with McCabe Petroleum Corporation ("McCabe"), dated as of April 15, 2015, pursuant to which AEI will sell its ownership interest in certain of its properties for cash and properties with a potential value

6

totaling approximately $47 million." Ex. 1. At least some of the property that AEI intends to sell was originally owned by Debtor. *Compare* Ex. 5 at pp. 8–21 (identifying Debtor owned mineral leases in Graham and Jackson prospects) *with* Ex. 1 (stating that AEI is transferring, *inter alia*, its mineral leases in the Graham and Jackson prospects to an unnamed buyer).

19. Debtor has not filed its Schedules or Statement of Financial Affairs and is not required to do so until August 7, 2015. *See Order Granting Debtor's Motion to Extend Time to File Schedules and Statements* at Docket No. 35.

20. Debtor's Section 341 Meeting of Creditors will take place on August 13, 2015. *See Order Combined with Notice of Chapter 11 Bankruptcy case, Meeting of Creditors, & Deadlines* at Docket No. 9.

## IV.
## RELIEF REQUESTED

21. In order to exercise its statutory responsibilities and fulfill its statutory duties, the Committee needs to examine Debtor, AEI, and McCabe before the AEI sale takes place to investigate, *inter alia*, (i) the potential fraudulent transfers of Debtor assets and (ii) potential contractual or statutory liens that Debtor may have on the Subject Property.

22. By this motion, the Committee seeks entry of an order (i) shortening the fourteen (14) day notice requirements found in Local Rule 2004(b) and (ii) ordering (a) Debtor and AEI to produce certain documents and appear for examination at DepoTexas-Forth Worth, 2501 Parkview Drive, Ste. 317-D, Forth Worth, Texas 76102 on July 30, 2015 and (b) McCabe to produce certain documents and appear for examination on July 30th at Permian Court Reporters, 605 West Texas Ave., Midland, TX 79701 on July 30, 2015, all in accordance with the Proposed Order attached hereto as **Exhibit 8**.

# V.
# BASIS FOR RELIEF

23. Pursuant to 11 U.S.C. §1103(c)(2), the Committee is charged with the duty to:

> Investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's assets and the desirability of the continuance of such business, and any other matter relevant to the case and formulation of plan.

11 U.S.C. §1103(c)(2). Rule 2004(a) permits any party-in-interest to move for an order of the Court authorizing the examination of any entity. FED. R. BANKR. P. 2004(a). The scope of a Rule 2004 examination extends to "the acts, conduct, or property of the debtor or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." FED. R. BANKR. P. 2004(b). Upon entry of an order authorizing a Rule 2004 examination, the production of documents may be compelled by subpoena as provided in Bankruptcy Rule 9016. FED. R. BANKR. P. 2004(c). "The court may for cause shown and on terms as it may impose order the debtor to be examined under this rule at any time or place it designates, whether within or without the district wherein the case is pending." FED. R. BANKR. P. 2004(d).

24. <u>Cause Exists for Examinations</u>. If the AEI Sale takes place, property which may have been fraudulently transferred from the Debtor to AEX and/or AEI may be transferred again to an unnamed buyer for value given to AEI, which could prevent the estate's recovery of potentially valuable assets. *See* Ex. 1 (AEI to receive, *inter alia*, $15 million in cash in exchange for the Subject Property). First, documents filed in the real property records of Reeves County indicate that the Debtor held mineral leases which AEX pledged to Platinum in September 2014. *See* Ex. 5 at pp. pp. 3–6 & 8–21. Based on AEI's April 2014 Form 20F, Mr. Hoisager allegedly caused Debtor to transfer "oil and gas properties" with a "carrying value of $6,014,340" to either AEX or AEI "in exchange for a $3,007,170 non-interest bearing, unsecured loan to Jason

Hoisager and an equity contribution in the amount of $3,007,170" in 2013. Ex. 3 at p. 80 of 151. Moreover, certain assignments recorded in Reeves County indicate that certain Debtor properties were transferred of record to AEX as recently as May 2015. *See* Ex. 5. It appears, therefore, that Mr. Hoisager may have caused Debtor to transfer valuable oil and gas properties to affiliate or insider companies for no consideration. It also appears that Mr. Hoisager may be causing many, if not all of these oil and gas properties, to be transferred to yet another (unnamed) entity in exchange for significant consideration flowing to AEI instead of the Debtor, which appears to have been stripped of its real property, personal property, and operating rights.

25. As long as the potentially fraudulently transferred assets remain in AEX or AEI, both of which are controlled and owned (at least in part) by Mr. Hoisager, Debtor maintains a good chance at recovering assets that were fraudulently transferred from Debtor to AEX or AEI. If, however, the unnamed buyer referenced in Exhibit 1 takes fraudulently transferred assets in good faith and for value—even if that value goes to AEI—the estate's ability to recover such assets diminishes significantly. *See* 11 U.S.C. § 550(b) (the "trustee may not recover … from a transferee that takes for value …, in good faith, and without knowledge of the voidability of the transfer avoided"). Accordingly, it is critical that the Committee quickly discover facts which could enable the Committee or the Debtor to stop the AEI Sale from taking place <u>if warranted</u>. Debtor and AEI should possess documents and information related to the transfer of Debtor's interests in the Subject Property and the value given in exchange. McCabe and AEI should have information and documents which would shed light on the AEI Sale, including the identity of the unnamed buyer and those parties' historical knowledge regarding ownership of the Subject Property.

26. The Committee also believes that the Debtor may have statutory or contractual

9

lien rights against the Subject Property. For example, AEI states that Debtor operated the Subject Property until Mr. Hoisager transferred the operating rights to Arabella Operating, LLC. *See*, *e.g*., Ex. 3 at p. 41 of 151. AEI also states that it owed Debtor $3.6 million in joint interest billings as of December 2013 and $3,382,514 as of December 31, 2014. *See id*. at p. 94 of 151; *see also* except from AEI's March 31, 2015 Form 10-Q, attached as **Exhibit 7**, at p. 18 of 32. If AEI or any other owner of the Subject Property still owes joint interest billings to Debtor, then (i) Debtor's joint operating agreements may provide Debtor with a contractual operator's lien against the Subject Property and (ii) Debtor may have lien rights under Chapter 56 of the Texas Property Code. The potential liens provide another reason for the Committee to conduct discovery prior to the AEI sale.

## VI.
## NOTICE

27. As explained above, this Motion seeks to shorten the notice requirements found in Local Rule 2004(b). Undersigned Counsel certifies that the Committee attempted to obtain Debtor, AEI, and McCabe's agreements to obtain the discovery sought on a consensual basis and within the necessarily tight time frames. Unfortunately, the Committee has not received a commitment from Debtor, AEI, or McCabe to comply with the Committee's discovery requests. Notice of this Motion has been provided to (a) counsel for the Debtor, (b) Mr. Jason Hoisager, AEI's Chief Executive Officer, (c) Mr. Greg McCabe, McCabe's President, Director, and registered agent, (d) the United States Trustee, (e) all parties via the Court's electronic case filing system (ECF), and (f) via U.S. First Class Mail to the parties listed on the attached creditor matrix in this case. The Committee submits that such notice is sufficient and that no other or further notice of the Motion is required.

WHEREFORE, PREMISES CONSIDERED, the Committee respectfully requests that

this Court enter an order, in substantially the form attached hereto as Exhibit 7, ordering the Rule 2004 Examinations of and production of documents from (i) Debtor Arabella Production Company, LLC, (ii) Arabella Exploration, LLC, (iii) Arabella Exploration, Inc., and (iv) McCabe Petroleum Corporation.

Respectfully submitted,

By:   */s/ Kenneth Green*
Kenneth Green
State Bar No. 24036677
kgreen@snowspencelaw.com
Blake Hamm
State Bar No. 24069869
blakehamm@snowspencelaw.com
Carolyn Carollo
State Bar No. 24083437
carolyncarollo@snowspencelaw.com
Snow Spence Green LLP
2929 Allen Parkway, Suite 2800
Houston, TX 77019
Telephone: (713) 335-4800
Facsimile: (713) 335-4848

**PROPOSED COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

## **CERTIFICATE OF CONFERENCE**

      I certify that Ross Spence and I conferred with Debtor's counsel regarding the relief requested and that Debtor's counsel stated that he is opposed. I further certify that I attempted to confer with Mr. Greg McCabe, who is listed as McCabe Petroleum Corporation's President and Director, in the records that McCabe Petroleum Corporation filed with the Texas Secretary of State. I was able to speak with personnel at Mr. McCabe's office but was not able to reach Mr. McCabe before filing this Motion. If I am able to confer with Mr. McCabe or his representatives regarding the relief requested herein, I will amend this Certificate of Conference accordingly. Finally, I attempted conferred via phone call with Mr. Jason Hoisager, Arabella Exploration, Inc.'s Chief Executive Officer, regarding the relief requested in this Motion. Mr. Hoisager informed me that he needed to speak with attorneys but that, at this time, he was inclined to oppose the relief requested.

                                                              */s/ Blake Hamm*
                                                             Blake Hamm

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing was served on the 28th day of July 2015 as follows:

- upon all parties via the Court's electronic case filing system (ECF);

- via U.S. First Class Mail to the parties listed on the attached creditor matrix in this case;

- via fax to James W. Rose, Jr., Trial Attorney, United States Trustee, 615 E. Houston, Rm. 533, San Antonio, TX 78295-1539; 210 472-4649 (FAX);

- via personal service and certified mail, return receipt requested on:

    Arabella Exploration, Inc.
    c/o Mr. Jason Hoisager, Chief Executive Officer
    509 Pecan St., Ste. 200
    Fort Worth, TX 76102

    *and*

    McCabe Petroleum Corporation
    c/o Mr. Greg McCabe, President and registered agent
    6015 Greenhill Ct.
    Midland, TX 79707

                                          */s/ Blake Hamm*
                                          Blake Hamm

I:\Client\ARAB0001-Arabella\Emergency 2004 Motion\Emergency 2004 Motion(i).docx