**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
(MIDLAND DIVISION)**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | |
| **ARABELLA PETROLEUM COMPANY, LLC,** *et al.*, | ) ) | **Case No. 15-70089-rbk** |
| Debtor. | ) ) ) ) | |

**GLOBAL NOTES AND STATEMENT OF
LIMITATIONS, METHODOLOGY, AND DISCLAIMER
REGARDING THE DEBTOR'S SCHEDULES OF ASSETS
AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

Arabella Petroleum Company, LLC, as debtor and debtor in possession (the "***Debtor***"), filed its Schedules of Assets and Liabilities (the "***Schedules***") and Statement of Financial Affairs (the "***SOFA***", and collectively with the "***Schedules***," the "***Schedules and SOFA***") in the United States Bankruptcy Court for the Western District of Texas (the "***Bankruptcy Court***"). The Debtor, with the assistance of its advisors, prepared the Schedules and SOFA in accordance with section 521 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

Jason Hoisager of the Debtor has signed the Schedules and SOFA. In reviewing and signing the Schedules and SOFA, Mr. Hoisager has necessarily relied upon the efforts, statements, and representations of various personnel of the Debtor. Mr. Hoisager has not personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and/or amounts owed to the Debtor from working interest owners or other parties.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Schedules and SOFA (the "***Global Notes***") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and SOFA. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and SOFA.[1] In the event that the Schedules and SOFA differ from any of the foregoing Global Notes, the Global Notes shall control.

---

[1] These Global Notes are in addition to the specific notes contained in each Debtor's Schedules and SOFA. The fact that the Debtor has prepared a "Specific Note" with respect only to specific Schedules and SOFA should not be interpreted as a decision by the Debtor to exclude the applicability of such Specific Note (or any Global Note) to any of the Debtor's remaining Schedules and SOFA, as appropriate.

The Schedules and SOFA do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("***GAAP***"), nor are they intended to be fully reconciled to the Debtor's financial statements (whether publicly filed or otherwise).  The Schedules and SOFA contain unaudited information that is subject to further review and potential adjustment.  In preparing the Schedules and SOFA, the Debtor relied on financial data derived from its books and records that was available at the time of such preparation.  The Debtor has made reasonable and good faith efforts to ensure the accuracy and completeness of such financial information, but further research or discovery may identify subsequent information that may necessitate material amendments to the Schedules and SOFA.  As a result, the Debtor is unable to warrant or represent that the Schedules and SOFA are without errors, omissions, or inaccuracies.  The Debtor reserves all rights to amend and/or supplement the Schedules and SOFA as is necessary and appropriate, at any time.

Nothing contained in the Schedules and SOFA shall constitute a waiver of any of the Debtor's rights or an admission with respect to this chapter 11 case or any of the parties in interest thereto, including, without limitation, any issues involving equitable subordination, the nature of any debt, receivable or payable, the terms, enforceability or executory nature of any contract or lease, offsets or defenses, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

1. **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

a) Payables.  The Debtor has made every reasonable attempt to list all payables on its liabilities schedules.

b) Amendments and Supplements.  While the Debtor made reasonable and good faith efforts to file complete and accurate Schedules and SOFA, inadvertent errors or omissions may exist.  The Debtor reserves all rights to amend or supplement the Schedules and SOFA as is necessary and appropriate.

c) Claims Description.  Any failure to designate a claim on the Schedules and SOFA as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtor reserves all rights to dispute any claim, whether reflected on its Schedules and SOFA or asserted pursuant to a filed proof of claim, on any grounds, including, without limitation, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated."

d) Classifications.  Listing a claim or contract (1) on Schedule E as "priority," (2) on Schedule F as "unsecured," or (3) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the claimant

or contract counterparty, or a waiver of the Debtor's right to recharacterize or reclassify such claim or contract.

e) <u>Causes of Action</u>.  Despite reasonable and good faith efforts, the Debtor may not have identified and/or set forth all of its causes of action (filed or potential) against third parties as assets in its Schedules and SOFA.  The Debtor reserves all rights with respect to any causes of action and nothing in (or omitted from) the Global Notes or the Schedules and SOFA shall be deemed a waiver of any such causes of action.  Similarly, in instances where the Debtor is a defendant in pending causes of action, nothing in the Global Notes or the Schedules and SOFA shall be deemed as an admission or determination with respect to, or a waiver of any defense or objection to, such causes of action, and all of the Debtor's defenses, objection and other rights with respect to such causes of action are hereby preserved.

f) <u>Confidential, Private, and Commercially Sensitive Information</u>.  In certain instances, the Debtor may have intentionally altered, revised, redacted or consolidated certain information in the Schedules and SOFA due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information or concerns for the privacy of an individual.  In addition, in certain instances, the sensitivity of such information may require its omission from the Schedules and SOFA.  To the extent possible, the alterations, redactions, consolidations and omissions, if any, have been limited to the extent determined by the Debtor to be necessary or appropriate to protect the Debtor or third parties while also providing interested parties with sufficient information in response to the Schedules and SOFA.

g) <u>Estimates and Assumptions</u>.  In preparing the Schedules and SOFA, the Debtor was required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosure and potential values of contingent assets and liabilities on the date of the Schedules and SOFA and the reported amounts of revenues and expenses during the reporting period.  Actual results could differ from those estimates, perhaps materially.

h) <u>Executory Contracts and Unexpired Leases</u>.  The Debtor has not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and SOFA, even though these contracts may have some value to the Debtor's estates.  The Debtor's  executory contracts and unexpired leases have been set forth in Schedule G.  The Debtor's rejection of executory contracts and unexpired leases will result in the assertion of rejection damages claims; as no such contracts and leases had been rejected by the Court order on the Petition Date, and no rejection damages claims had been filed as of such date, the Schedules and SOFA do not reflect any claims for rejection damages claims.  The Debtor reserves the right to make any arguments and objections with respect to the assertion of any such claims.

NY1361618.1
225393-10001

i)  <u>Foreign Currency</u>.  Unless otherwise indicated, all amounts are reflected in U.S. dollars, and translated from other currencies as of the Petition Date where applicable.

j)  <u>GAAP</u>.  Given the difference between the information requested in the Schedules and SOFA, and the financial information utilized under GAAP, the aggregate asset values and claim amounts set forth in the Schedules and SOFA do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

k)  <u>Insiders</u>.  Persons listed as "insiders" have been included for informational purposes only.  The Debtor does not take any position with respect to: (a) such person's influence over the control of the Debtor; (b) the management responsibilities or functions of such individual or entity; (c) the decision-making or corporate authority of such individual or entity; or (d) whether such individual or entity could successfully argue that he, she or it is not an "insider" under applicable law, including, without limitation, the Bankruptcy Code, the federal securities laws, or with respect to any theories of liability, or for any other purpose.

l)  <u>Intellectual Property Rights</u>.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtor has made every effort to list intellectual property to which it is the rightful owner, however, in some instances intellectual property purportedly owned by the Debtor may, in fact, be owned by an affiliate of the Debtor, or vice versa.  Accordingly, the Debtor reserves all of its rights with respect to the legal status of any and all such intellectual property rights.

m) <u>Materialman's/Mechanics' Liens</u>.  The inventories, property, and equipment listed in the Schedules and SOFA are presented without consideration of any materialman's or mechanics' liens.

n)  <u>Litigation</u>.  The Debtor has listed on Schedule F all known claimants related to any pending or threatened litigation action as contingent, disputed, and unliquidated claims.

o)  <u>Recharacterization</u>.  Notwithstanding that the Debtor has made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFA, the Debtor nonetheless may have improperly characterized, classified, categorized, or designated certain items.  Thus, the Debtor reserves all rights to

4

recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and SOFA at a later time as is necessary and appropriate as additional information becomes available.

p) <u>Setoffs</u>. The Debtor routinely is subject to certain setoffs and other similar rights exercised by or with respect to creditors and counterparties in the ordinary course of business. The exercise of such setoffs and other similar rights may (or may not) have been taken into consideration when scheduling certain amounts, and the validity of the aforementioned setoff rights is under investigation. The Debtor reserves the right to challenge such setoff rights and all of its rights to exercise or effectuate (or otherwise with respect to) any of its rights of setoff or recoupment.

q) <u>Petition Date</u>. Financial information for the Debtor is, unless otherwise noted herein or in the Schedules and SOFA, provided as of the Petition Date of July 10, 2015.

r) <u>Totals</u>. All totals that are included in the Schedules and SOFA represent totals of all known amounts included in the Debtor's books and records as of the Petition Date. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

s) <u>Undetermined Amounts</u>. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

t) <u>Settlement of Payments with Affiliates</u>. Prior to the Petition Date, the Debtor and its affiliates from time to time settled their inter-company accounts in a manner that did not involve the transfer of cash, but rather involved bookkeeping transactions.

2. **Specific Schedules and SOFA Disclosures**

a) <u>Schedule A – Real Property</u>. The Debtor has listed of its interests in real estate, including any interests it has in oil, gas and other mineral leases. The value of these interests is unknown. As noted on Schedule A, certain of the interests have already been assigned to third parties, but the record ownership remains with the Debtor. The Debtor is further investigating its rights in and to any real property, including mineral leases, and will supplement the Schedules if necessary and appropriate to do so.

b) <u>Schedule B(2) – Checking, savings accounts.</u> The accounts set forth on Schedule B(2) are the "debtor in possession" accounts required by the applicable U.S. Trustee guidelines for chapter 11 debtors in this district.

c) <u>Schedule B(l6) – Account Receivable</u>. Third-party accounts receivable have been listed as assets of the Debtor. In some instances, the Debtor may have lien rights against the property of these account debtors or other various entities to secure the Debtor's claims.

NY1361618.1
225393-10001

d) <u>Schedule B(24) – Customers lists and other compilations containing personally identifiable information</u>. The Debtor have listed its customer and investor list, which may have no market value.

e) <u>Schedule B(25) – Automobiles, trucks, trailers and other vehicles and accessories</u>. The vehicles listed on Schedule B were paid for by the Debtor's affiliated entity, Arabella Exploration, LLC, and have been used for all purposes by that entity. However, the title to these vehicles is in the name of the Debtor. The Debtor is investigating its rights, if any, in or to these vehicles.

f) <u>Schedule D – Creditors Holding Secured Claims</u>. Certain creditors have asserted certain liens on assets that were previously transferred by the Debtor to third parties. Because the Debtor currently does not believe it has any interest in the assets that are subject to those asserted liens, the Debtor has listed all such creditors as unsecured creditors in Schedule F. The Debtor's investigation into its assets and liabilities is ongoing, and the Debtor reserves all of its rights, including to dispute or challenge the extent, validity, priority, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to or by a creditor listed, as well as its interests in any assets currently or previously owned by the Debtor. The Debtor reserves all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The Debtor has not included on Schedule D any parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

g) <u>Schedule E – Creditors Holding Unsecured Priority Claims</u>. Out of abundance of caution and in an effort to provide notice to all holders of potential priority tax claims, the Debtor has listed all potential holders of priority tax claims on Schedule E. The listing of a taxing authority on a Debtor's Schedule E is not an acknowledgement that such taxing authority holds a valid claim against the Debtor or that a particular tax claim is entitled to priority under 11 U.S.C. § 507(a)(8) or otherwise. The Debtor reserves the right to take the position that the claim listed herein is a Secured claim, an unsecured or a subordinated claim.

h) <u>Schedule F – Creditors Holding Unsecured Claims</u>. Schedule F lists parties, among others, that have commenced litigation against the Debtor. The amounts for these potential claims are, as appropriate, listed as "unknown" and marked as contingent, unliquidated, and/or disputed in the Schedules and SOFA. The Debtor expressly incorporates by reference into Schedule F all parties to pending and potential litigation, if any, listed in question 4(a) of the SOFA (and otherwise) as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule F. Schedule F also is intended to reflect the prepetition amounts owed to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Schedule F does not include additional rejection damages claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected as

NY1361618.1
225393-10001

of or after the Petition Date.  The claims of creditors for, among other things, merchandise, goods, services, or taxes are listed on the Debtor's books and records and may not reflect credits or allowances due from such creditor.  The Debtor reserves all of its rights respecting such credits and allowances.  The amounts listed may be exclusive of contingent and unliquidated amounts.  The Debtor is lacking addresses for certain of the parties listed on Schedule F.  Due to time constraints, the Schedules have been submitted without those addresses.  The Debtor reserves the right to supplement to add those addresses to the extent they can be ascertained and it is necessary or appropriate to do so.  Finally, Schedule F includes certain amounts purportedly due to certain of the Debtor's working interest owners.  Certain of those working interest owners also owe money to the Debtor.  The Debtor's obligation to pay any amounts to its working interest owners is contingent on the Debtor's collection of the amounts owed to the Debtor by such working interest owners.  The Debtor reserves all of its rights with respect to its working interest owners, including, but not limited to, all rights of setoff, recoupment.

i)  <u>Schedule G – Executory contract and unexpired leases.</u>  While every reasonable and good faith effort has been made to ensure the accuracy and completeness of Schedule G, inadvertent errors or omissions may have occurred.  Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute.  In addition, the Debtor may have entered into various other types of agreements in the ordinary course of its business, such as supplemental agreements, amendments, letter agreements, title agreements and confidentiality agreements.  Because of the number of such agreements and the difficulty in assembling a complete list of them given the size, magnitude and diversity of the Debtor's business, all of such agreements may not be set forth on Schedule G.  The Debtor reserves all of its rights to dispute or to challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim.  In the ordinary course of business, the Debtor may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis.  Such contracts may not be included on Schedule G.  However, the Debtor reserves the right to assert that such agreements constitute executory contracts.  <u>Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.</u>  The omission of a contract or agreement on Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease, nor that such omitted contract or agreement was not in effect on the Petition Date or invalid or unenforceable.  The Debtor reserves all rights to amend Schedule G to add executory contracts or unexpired leases or to challenge the legal status of any contract or lease, including the characterization of any lease as an unexpired non-residential real property lease, or whether any listed contract, lease, or other

agreement constitutes an executory contract or unexpired lease.  Any and all of the Debtor's rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.  The Debtor is lacking addresses for certain of the contract counterparties listed on Schedule G.  Due to time constraints, the Schedules have been submitted without those addresses.  The Debtor reserves the right to supplement to add those addresses to the extent they can be ascertained and it is necessary or appropriate to do so.

j)  Schedule H − Co-Debtors.  In the ordinary course of its business, the Debtor is involved in pending or threatened litigation and claims arising out of the conduct of its businesses in which certain of its affiliated entities and other third parties are also defendants.  Because such claims are listed elsewhere in the Bankruptcy Materials, they have not been set forth individually on Schedule H.

k)  SOFA Question 1(a) – Income from Employment or Operation of Business.  This response includes a listing of "Oil & Gas Production Revenues," which were received from the Debtor's oil & gas purchasers in connection with the wells previously operated by the Debtor.  However, these amounts do not reflect true "income" to the Debtor, since these monies flow through a revenue clearing account in the Debtor's general ledger and are sent out to the various working interest and royalty owners in respect of their proportionate interests in the wells.  Additionally, this response includes a listing of "Administrative Overhead Income," which are charges that were billed through the Debtor's joint interest billings to the various working interest owners.  Since many of the Debtor's working interest owners have not paid the amounts they owe to the Debtor, certain of these funds may not actually have been collected.

l)  SOFA Question 3(b) – Payments to Creditors.  This response lists payments made by the Debtor to non-insider creditors in the 90-day period prior to the Petition Date and lists for each creditor recipient an "Amount Still Owing."  This amount is not an admission by the Debtor as to the validity, amount or priority of any claim of any of the recipients of payments during the 90-day period prior to the Petition Date.  The Debtor reserves the right to dispute all claims on all grounds, including those asserted by the parties listed in this response.

m)  SOFA Question 3(c) – Payment to insiders within one year.  All payments of cash to insiders have been reported on SOFA 23.

n)  SOFA Question 4(a) – Suits and Administrative Proceedings.  The Debtor has made reasonable and good faith efforts to include in its responses to SOFA Question 4 a complete list of all lawsuits and litigation proceedings to which the Debtor was a party within the one (1) year period immediately preceding the Petition Date.  To the extent the Debtor becomes aware that it has omitted any such lawsuits or proceedings, they will amend the SOFA, as may be necessary or appropriate.  Certain information regarding the law suits disclosed in response to this question was unavailable to the Debtor.  To the extent necessary and

NY1361618.1
225393-10001

appropriate, the Debtor will supplement the SOFA when and if that information becomes available to the Debtor.

o) <u>SOFA Question 5 – Repossessions, foreclosures, and returns</u>. In the ordinary course of business, equipment is returned to sellers due to, among other things, defects or receipt of incorrect product.  Other than those ordinary course items, the Debtor is not aware of any property that has been returned to the seller. The Debtor is not aware of any property that has been repossessed by a creditor, sold at a foreclosure sale, or transferred through a deed within one year immediately preceding the commencement of the case.  The Debtor's investigation into the foregoing is pending, and the Debtor will amend the SOFA, as may be necessary or appropriate, to the extent any items requiring disclosure in respect of this question are discovered.

p) <u>SOFA Question 9 – Payments Related to Debt Counseling or Bankruptcy</u>.  As disclosed in the declaration of Bernard Given in support of the retention of Loeb & Loeb LLP, proposed counsel to the Debtor, $79,999.96 was paid by or on behalf of the Debtor to Loeb & Loeb LLP in the one-year period prior to the Petition Date.  The Debtor believes that the amounts listed in response to this question are equal to portion of the payments related to debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy.

q) <u>SOFA Question 10 – Transfers</u>.  The Debtor believes that the transfers identified in response to this question were made in the ordinary course of business and thus need not have been disclosed in the SOFA.  The Debtor has elected to disclose those transfers in the interest of transparency.  However, the Debtor reserves all rights with respect to such transfers, the consideration received therefore, and all rights, defenses, causes of action and obligations relating thereto.

r) <u>SOFA Question 23 – Withdrawals from a partnership or distributions by a corporation within one year</u>.  Both questions 3c and 23 in the Statements request information regarding payments to insiders.  The Debtor has listed in response to question 23, as applicable, payments consisting of expense reimbursements, wages, bonuses, loan repayments, disbursements, payments of working interest oil and gas revenue, distributions, dividends and other amounts.  Amounts disbursed to Mr. Hoisager appear to comprise of a combination of some or all of the foregoing types of payments.  A reconciliation of those payments is ongoing.

NY1361618.1
225393-10001

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

In re:   Arabella Petroleum Company, LLC                    Case No. 15-70098-RBK
                        Debtor

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or  more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor.  11 U.S.C. § 101(2), (31).

---

### 1.   Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                             SOURCE

## See Statement of Financial Affairs Schedule 1(a)

**2.  Income other than from employment or operation of business**

None 

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                         SOURCE

---

**3.  Payments to creditors**

***Complete a. or b., as appropriate, and c.***

None

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

## See Statement of Financial Affairs - Schedule 3(b)

---

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None ✓

c.  *All debtors:*  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None ☐

a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year**  immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

## Statement of Financial Affairs - Schedule 4(a)

None ✓

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5.  Repossessions, foreclosures and returns**

None ☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## Unknown

4

**6.  Assignments and receiverships**



a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |



b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
| --- | --- | --- | --- |

**7.  Gifts**



List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8.  Losses**



List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9. Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## See Statement of Financial Affairs Schedule 9

---

**10. Other transfers**

None ☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

## See Statement of Financial Affairs Schedule 10(a)

None ☑

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None ☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## See Statement of Financial Affairs Schedule 11(a)

---

B7 (Official Form 7) (04/13)                                                                                      6

**12.  Safe deposit boxes**

None 

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.  Setoffs**

None ☐

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

Unknown

**14.  Property held for another person**

☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

All items listed on Schedule A, Page 10

**15.  Prior address of debtor**

None ☐

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **500 West Texas, Suite 1450, Midland, Texas 79701** | **Arabella Petroleum Company, LLC** | **2012-2014** |

B7 (Official Form 7) (04/13)

**16.  Spouses and Former Spouses**

None


If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17.  Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None


a.  List the name and address of every site for which the debtor has received notice in writing by a  governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None


b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None


c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law  with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None


a.  *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the  businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or

other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ✓    b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                            ADDRESS

**None**

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19.  Books, records and financial statements**

None ☐    a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                                      DATES SERVICES RENDERED

## See Schedule of Financial Affairs Schedule 19(a)

 None ✓    b.  List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                                        ADDRESS                        DATES SERVICES RENDERED

None [ ]

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

**Wayne Burchfield, CPA     1200 Summit Ave., Suite 422**
**Fort Worth, TX 76102**
**(817) 244-9300 e-mail:  bcpa@flash.net**

None [ ]

d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                    DATE ISSUED

## Unknown

---

**20.  Inventories**

None [ ]

a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY            INVENTORY SUPERVISOR        DOLLAR AMOUNT
OF  INVENTORY
(Specify cost, market or other basis)

**Spring, 2015            Allen Drake            $81,700**

None [ ]

b.  List the name and address of the person having possession of the records of each of the inventories  reported in a., above.

DATE OF INVENTORY            NAME AND ADDRESSES
OF CUSTODIAN
OF INVENTORY RECORDS

**Spring 2015            Debbie Holt,  500 Pecan St, Suite 200, Fort Worth, TX 76102**

---

**21 . Current Partners, Officers, Directors and  Shareholders**

None [✓]

a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of  the partnership.

NAME AND ADDRESS            NATURE OF INTEREST      PERCENTAGE OF INTEREST

None [ ]

b.     If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS                    TITLE            NATURE AND PERCENTAGE
OF STOCK OWNERSHIP

Jason Hoisager            President/Manager        100% of LLC Interests

---

**22 . Former partners, officers, directors and shareholders**

None
☑

a.    If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                          ADDRESS                          DATE OF WITHDRAWAL

None
☑

b.    If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS                          TITLE                          DATE OF TERMINATION

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☐

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |

## See Statement of Financial Affairs Schedule 23(c)

---

**24.  Tax Consolidation Group.**

None
☑

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                          TAXPAYER-IDENTIFICATION NUMBER (EIN)

---

**25.  Pension Funds.**

None
☑

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                          TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

*[If completed by an individual or individual and spouse]*

B7 (Official Form 7) (04/13)

11

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _8/7/15_     Signature of Debtor _____

Date _____     Signature of Joint Debtor (if any) _____

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date    **8/7/15**      Signature   *Debbie Holt*

Print Name and Title     Debra Holt, Bookkeeper

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

_____ continuation sheets attached

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____     _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer     Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____     _____
Signature of Bankruptcy Petition Preparer     Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

**Signature:**

**Email:** jason.hoisager@arabellaexploration.com

**STATEMENT OF FINANCIAL AFFAIRS (SCHEDULE 1(a))**
**GROSS INCOME SINCE JANUARY 1, 2013**

| Date | Acct # | Source | Description | Amount |
|------|--------|--------|-------------|--------|
| 2013 | | Central Texas Reclamation | Non Operated Oil & Gas Revenue | 162.55 |
| 2013 | | Texas Mutual Insurance Co. | Dividends | 136.72 |
| 2013 | | Various | Sale of Assets | 5,280,000.00 |
| 2014 | | Pioneer Natural Resources | Non Operated Oil & Gas Revenue | 81.78 |
| 2014 | | Various | Sale of Assets | 83,204.33 |
| 2014 | | Black Family P/S Bonus Consideration | Lease Bonus | 40,000.00 |
| 2015 | | Various | Automobile Sales | 84,500.00 |
| 2105 | | Various | Sale of other assets | 357,478.05 |
| | | | | 5,845,563.43 |

## OIL & GAS PRODUCTION REVENUE (TO BE DISBURSED TO ROYALTY & WORKING INTEREST OWNERS)

| Date | Source | Net Deposited |
|------|--------|---------------|
| 2013 | Oil & Gas Revenue for Operated Wells - entire amount owed to Working & Royalty Owners | 11,933,995.82 |
| 2014 | Oil & Gas Revenue for Operated Wells - entire amount owed to Working & Royalty Owners | 10,704,536.11 |
| 2015 | Oil & Gas Revenue for Operated Wells - entire amount owed to Working & Royalty Owners | 806,089.08 |

## ADMINISTRATIVE OVERHEAD INCOME PER JOA (CHARGED TO WORKING INTEREST OWNERS)

| | | | |
|------|------|------|------|
| 2013 | Administrative Overhead | | 199,245.96 |
| 2014 | Administrative Overhead | Emily Bell 2H | 67,619.13 |
| 2015 | Administrative Overhead | Graham #1H | 39,389.51 |
| **TOTAL** | **TOTAL** | | **306,254.60** |

**STATEMENT OF FINANCIAL AFFAIRS (SCHEDULE 3(b))**
**PAYMENTS TO CREDITORS LAST 90 DAYS MORE THAN $6,225.00**

| Creditor Name | Creditor Address | Payment/Transfer Date | Amount Paid | Amount Still Owing |
|---|---|---|---|---|
| Nomac Drilling, LLC | PO Box 650840, Dallas, TX  75265-0840 | 4/17/2015 | 6,900.00 | $2,324,539.14 (disputed) |
| CHRISTI LEIGH CRADDICK | 1500 Dilman St., Austin, TX  78703 | 4/15/2015 | 7,161.46 | $0.00 |
| THOMAS R. CRADDICK, JR | 1501 Woolridge Dr., Austin, TX  78703 | 4/15/2015 | 7,161.46 | $0.00 |
| TOM CRADDICK | 2 Lakes Dr., Midland, TX  79705 | 4/15/2015 | 7,161.46 | $0.00 |
| Marshall & Winston, Inc | PO Box 50880, Midland, TX  79710-0880 | 4/15/2015 | 7,197.26 | $0.00 |
| George W Graham | 2101 Greenbriar Drive, Abilene, TX  79605 | 5/12/2015 | 8,315.49 | $0.00 |
| Wayne S Graham | 12100 Terraza Circle, Austin, TX  78726 | 5/12/2015 | 8,315.49 | $0.00 |
| COLT Development, LLC | 6400 South Fiddlers Green Circle, Ste 2100, Greenwood Village, CO  80111 | 4/15/2015 | 8,942.35 | $0.00 |
| Pyote Water Systems III, LLC | 400 W. Illinois, Ste 950, Midland, TX  79701 | 4/15/2015 | 10,000.30 | $29,412.45 |
| Sunbelt Rentals Industrial Services, LLC | PO Box 409211, Atlanta, GA  30384-9211 | 4/16/2015 | 11,400.00 | $0.00 |
| Patriot Premium Threading Services, LLC | PO Box 13660, Odessa, TX  79768 | 4/23/2015 | 15,000.00 | $0.00 |
| Multi-Shot, LLC | PO Box 201567, Dallas, TX  75320-1567 | 5/1/2015 | 15,700.00 | $15,700.00 |
| Georgia Jones | 212 Neville Woo Court, Austin, TX  78738 | 5/12/2015 | 16,630.83 | $0.00 |
| HORIZON RESERVES, INC. | PO Box 3130, Midland, TX  79702 | 4/15/2015 | 19,464.70 | $0.00 |
| State of Texas aka Tx General Land Office | PO Box 12873, Austin, TX  78711 | 4/15/2015 | 19,533.41 | $179,968.50 |
| Arabella Operating | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | 6/30/2015 | 24,573.06 | Unknown |
| The New Mexico Company, Inc. | PO Box 2749, Midland, TX  79702 | 4/15/2015 | 27,323.52 | Unknown |
| Steven L. Burleson | PO Box 2479, Midland, TX  79702 | 4/15/2015 | 27,348.78 | $6,270.95 |
| Discovery Exploration | 410 N. Main, Midland, TX  79701 | 4/15/2015 | 36,991.84 | $2,370.58 |
| | | | | |
| **Total:** | | | **285,121.41** | |

**STATEMENT OF FINANCIAL AFFAIRS SCHEDULE 4(a)**
**LAWSUITS & LEGAL PROCEEDINGS**

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Black Gold Rental Tools, Inc. 2014CCV-61443-2 | Suit on Sworn Account | County Court at Law # 2, Nueces County | Agreed Judgment |
| Buckeye, Inc. CV50617 | | 238th District Court, Midland County: (432) 688-4500 | Agreed Judgment |
| Chaparral Industries: B-132, 825 Possibly: CC2-25,730 | Suit on Sworn Account | County Court at Law #2 Ector County, Texas | Settled |
| CMA Welding and Construction, Inc. v Arabella Petroleum Company, LLC, et al 15-05-2106-CVR | | 143rd Judicial District, Reeves County | |
| Complete Pipe Services, LLC v Arabella Petroleum Company, LLC 2014-324 | | District Court of Rusk County, Texas, 4th Judicial District | Abstract of Judgment Filed |
| Dehnad Resources, LLC CV50194 | Breach of contract | 238th District Court, Midland County: (432) 688-4500 | Pending |
| Drilling Solutions, LLC CC17678 | Suit on Sworn Account | County Court at Law, Midland County | Pending |
| Dubose Drilling, Inc. B-139,020 | Suit on Sworn Account | District Court, Ector County | Agreed Judgment |
| Flint Energy Services, Inc. v Arabella Petroleum Company, LLC CC17830 | Breach of contract | County Court at Law of Midland County, Texas | Pending |
| Forum US, Inc. | Suit on Sworn Account | Midland County Court At Law No. 2 | Pending |
| Friendly Trucking 14-07-23400-CVW | | District Court Ward County, Texas | Agreed Judgment |
| HLI Resources, LLC: CC17949 | Breach of contract; sworn account | Midland County Court At Law No. 2 | Pending |
| Independence Contract Drilling, Inc. v Arabella Petroleum Company, LLC 2013-60076 | Breach of contract | 11th District Court in Harris County, Texas | Agreed Judgment |
| Independence Oilfield Chemicals, LLC vs. Arabella Petroleum Company, LLC and Arabella Exploration, Limited Liability Company CC17827 | Suit on Sworn Account | County Court at Law No. 2 of Midland County, Texas | Agreed Judgment |
| Irongate Rental Services, LLC 2014-68524/ Court 165 | Breach of contract | District Court of Harris County | Agreed Judgment |
| J & C OilField Rentals 14-09-20782-CVR | Suit on Sworn Account | District Court Reeves County, Texas | Agreed Judgment |
| Jet Specialty, Inc. v Arabella Petroleum Company, LLC 14-12-20868-CVR | Breach of contract | District Court, Reeves County | Agreed Judgment |
| M3P Directional Services, LTD. CV50911. | Suit on Sworn Account | 142nd District Court, Midland County | Pending |
| Nomac Drilling, L.L.C. v Arabella Petroleum Company, LLC, Arabella Exploration, Inc., Arabella Exploration, Limited Liability Company, Arabella Exploration, LLC, and Arabella Operating, LLC 14-12-20876-CVR | | 143rd Judicial District, District Court of Reeves County, Texas. | Pending |
| O-Tex Pumping, LLC 14-09-20789-CVR | Suit on Sworn Account; breach of contract | District Court Reeves County, Texas | Agreed Judgment |
| Pason Systems USA Corp. CC17888 | Suit on Sworn Account; breach of contract | County Court at Law Midland County, Texas | Pending |

| | | | |
|---|---|---|---|
| Patriot Premium Threading Services, LLC: CC-25, 957 | Suit on Sworn Account | County Court At Law, Ector County | Agreed Judgment |
| Pipe Pros, LLC v Arabella Petroleum Company, LLC, et al 15-05-2104-CVR | | 143rd Judicial District, Reeves County | |
| Priority Artificial Lift Services, LLC:    CC17767 | Suit on Sworn Account | County Court at Law #2, Midland County | |
| Quality Gate & Controls, LLC v Arabella Petroleum Company, LLC CC-25, 930 | Suit on Sworn Account | County Court at Law, Ector County | Pending |
| Quick Connectors, Inc.: 1048881 | Suit on Sworn Account | County Court at Law #2, Harris County | Judgment Entered |
| Redback Coil Tubing:  14-12-20877-CVR | Foreclosure of Liens; breach of contract | 143rd Judicial District, Reeves County | Agreed judgment |
| RWI Construction, Inc. 15-04-23573-CVW | Lien; Breach of Contract; Suit on Sworn Account | 143rd Judicial District, Ward County | Pending |
| SanJan, LLC:     CC17692 | | County Court at Law Midland County, Texas | Agreed Judgment |
| Sooner Pipe, LLC:     15-03-20950-CVR | Suit to Foreclose liens; sworn account | Reeves County District Court, 143rd Judicial District | Pending |
| Standard E & S, LLC d/b/a/ Standard Energy Services:        2014-513,080 | Suit on Sworn Account | 99th Distric Court Lubbock County, Texas | Pending |
| Stellar Oilfield Rentals, LLC:        CC17777 | Suit on Sworn Account | County Court at Law #2, Midland County | Pending |
| Strike, L.L.C. v Arabella Petroleum Company, LLC 2014-66590 | Suit on Sworn Account | District Court of Harris County | Pending |
| Sunbelt Oilfield Supply: CC17884 | Suit on Sworn Account | County Court at Law Midland County, Texas | Pending |
| Surface Drilling of Texas, LLC: 15-03-20958CVR | Suit on Sworn Account | Reeves County District Court, 143rd Judicial District | Pending |
| Surf-Frac Wellhead Equipment Company, Inc.; McClinton Energy Group, L.L.C. vs Arabella Petroleum Company, LLC; Arabella Exploration, Limited Liability Company B-139,498 | | District Court of Ector County, Texas | |
| T.K. Stanley, Inc.: CC17741 | Suit on Sworn Account | County Court at Law #2, Midland County | Pending |
| Trans Pecos Instruments & Supply:        CV50653 | Suit on Sworn Account | County Court at Law Midland County, Texas | Agreed Judgment |
| Viking Coil Tubing, LLC 15-01-20907-CVR | Lien; Breach of Contract; Suit on Sworn Account | District Court, Reeves County | Pending |
| Ulterra Drilling Technologies, LP CC17903 | Breach of contract | County Court at Law #2, Midland County | Pending |
| West 20 Trucking, Inc. v Arabella Petroleum Company, L.L.C. CC-26412 | | Ector County - County Court at Law 1 | |

# STATEMENT OF FINANCIAL AFFAIRS SCHEDULE 9
## Payments related to debt counseling or bankruptcy

| Name | Address | Relationship to Debtor | Date of Payment | Amount Paid | Amount Still Owing |
|------|---------|------------------------|-----------------|-------------|--------------------|
| Cohn Reznick | 1212 Avenue of the Americas, New York, New York  10036 | Proposed CRO and Crisis Manager | 5/27/2015 | $25,000 | $0 |
| Loeb & Loeb | 10100 Santa Monica Boulevard, Los Angeles, Claifornia  90067 | Proposed Counsel | 6/19/2015 | $25,000 | $0 |

**STATEMENT OF FINANCIAL AFFAIRS SCHEDULE 10(a)**

**Other Transfers**

| Name of Transferee | Address | Relationship to Debtor | Date | Recorded Volume/Page | Describe Property Transferred | Value Received |
|---|---|---|---|---|---|---|
| Arabella Operating | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Affiliate | 1/1/2015 | | There was no property transfer; however, operations of the wells operated by the Debtor on behalf of all working interest owners were transferred to Arabella Operating. | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/13/2013 | 97-730 | Undivided 48.9375% of 8/8ths interest in leases covering Sec 32, Bl 49, T8, Texas & Pacific RR Co. Pecos County, Texas - Weatherby State | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 1/1/2013 | 244-82 | 19.33% of 8/8ths interest in the Foster et al Oil, Gas & Mineral Lease covering portions of Block 30, W & NW RR Co. Survey, Glasscock County, Tx - Foster Prospect | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 10/15/2012 | 1012-132 | Undivided 6.65% of 8/8ths interest in Various Oil & Gas Leases covering lands in Reeves Co., Texas -Wolfone I Prospect | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/15/2013 | 1021-644 | Undivided 100% of 8/8ths interest in various leases in Sec 3, Bl 51, T7, Tx & Pacific Survey, A-732, Reeves Co., TX - Cox Prospect | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/15/2013 | 1021-649 | Undivided 51.4125% of 8/8ths interest in various leases in W/2 Sec 24, Block C-8, Public School Lands Survey, A-4468, Reeves Co., TX  - Kesey Prospect | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/15/2013 | 1021-652 | Undivided 51.4125% of 8/8ths interest in the ZPZ Delaware I, LLC Lease  in Sec 46, Block 5, Houston & Great Northern RR Co. Survey, Reeves County, TX  - Vastar Prospect | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/15/2013 | 1021-655 | Undivided 51.4125% of 8/8ths interest in the State of Texas Lease in E/2 Sec 36, Block 55, T5, T&P RR Co. Survey, A-3016, Reeves County, TX - T Johnson State Prospect | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/15/2013 | 1021-658 | Undivided 46.72% of 8/8ths interest in the Oil, Gas & Mineral lease recorded in Volume 196, Page 337 of the Official Public Records of Reeves County covering lands in Sec 3, Block C-6, Public School Lands Survey, Reeves Co., TX - Emily Bell Prospect | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 4/2/2013 | 1021-672 | Undivided 87.50% of 6.25% Working Interest in three (3)  Oil, Gas & Mineral leases covering lands in Sec 48, Block 6, Houston & Great Northern RR Co. Survey, Reeves county, Texas - Worsham Prospect | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/15/2013 | 1021-703 | Undivided 28.76437503% of 8/8ths interest in  multiple Oil, Gas & Mineral Leases described in Exhibit A of this Assignment covering lands in the W/2 Sec 12, Bl 51, T8, Texas & Pacific Survey, A-2786, Reeves County, Texas - Woods 2H | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/15/2013 | 1021-707 | Undivided 23.38625003% of the 8/8ths interest in multiple Oil, Gas & Mineral Leases described in Exhibit A attached to this Assignment covering lands in the E/2 Sec 12, block 51, T8, Texas & Pacific Survey, A-2786, Reeves county, Texas - Woods 1H | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |

| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/15/2013 1024-719 | Correction of Prior Assignment of Oil, Gas & Mineral Leases recorded in File Number 13-06375 of the Reeves County Clerk Record - Cox Correction | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise. Investigation ongoing. |
|---|---|---|---|---|---|
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/15/2013 1026-553 | Correction of Prior Assignment of Oil, Gas & Mineral Leases recorded in Volume 1021, Page 703 of the Reeves County Clerk Record - Woods Correction | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise. Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/15/2013 1026-556 | Correction of Prior Assignment of Oil, Gas & Mineral Leases recorded in Volume 1021, Page 707 of the Reeves County Clerk Record - Woods Correction | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise. Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/15/2013 1029-669 | Undivided 54.4125% of 8/8ths interest in various Oil, Gas & Mineral Leases in Sec 44, Bl 55, T5, T&P RR Co. Survey, A-2151, Reeves Co., Tx except the SW 1/8 of the NE/4 - Allar State | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise. Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/1/2013 1040-676 | Undivided 55.8759592% of 8/8ths interest in various Oil, Gas & Mineral Leases in the W/4 of Sec 61, Bl 34, H&TC RR Co. Survey, Ward County, Texas - Jackson 1H | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise. Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/1/2013 1040-682 | Undivided 52.0625% of 8/8ths interest in various Oil, Gas & Mineral Leases in the W/4 of Sec 61, Bl 34, H&TC RR Co. Survey, Ward County, Texas - Jackson 2H | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise. Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 12/1/2013 1086-116 | Undivided 100% of 8/8ths interest in the W 150 ac of the West 470 ac of Sec 6, Bl C-18, Public School Lands, A-4663; Reeves Co., Texas - Johnson 68.20 Prospect | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise. Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 10/15/2012 1135-756 | Undivided 1.2% of 8/8ths interest in various Oil, Gas & Mineral Leases in the E/2 of Sec 24, Bl C-8, Public School Land Survey, Reeves Co., TX - | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise. Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 11/16/2013 1164-608 | Undivided 100% of 8/8ths interest in the various Oil, Gas & Mineral Leases in Sec 221, Bl 13, Houston & Great Northern RR Co. Survey, Reeves Co., TX - Meeker Prospect | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise. Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/1/2013 1164-611 | Undivided 9.15% of 8/8ths interest in the Oil, Gas & Mineral Lease in the W/2 of Sec 3, Bl C-6, Public School Lands Survey, Reeves Co., TX - Bell Prospect | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise. Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/1/2013 1164-616 | Undivided 4.121875% of 8/8ths interest in various leases in the W/2 Sec 12, Bl 51, T8, Texas & Pacific Survey, A-2786, Reeves Co., Tx - Woods 2H | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise. Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/1/2013 1164-622 | Undivided 6.74375% of 8/8ths interest in the ZPZ Delaware I, LLC Oil, Gas & Mineral Lease in Sec 46, Bl 5, Houston & Great Northern RR Co. Survey, Reeves Co., Tx - Vastar State | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise. Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/1/2013 1164-634 | Undivied 3.775% of 8/8ths interest in the Oil, Gas & Mineral Lease in the W/2 of Sec 24, Bl C-8, Public School Lands Survey, A-4468, Reeves Co., Tx - Kesey | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise. Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/1/2013 1164-640 | Undivided 48.9375% of 8/8ths interest in Jobe Ranch Family Ltd Partnership Oil, Gas & Mineral Leases in Reeves Co., Tx - Jobe Ranch | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise. Investigation ongoing. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 10/15/2012 | 1164-650 | Undivided 2.2% of 8/8ths interest in various leases covering the Middle 320 ac of Sec 140, Bl 13, H&GN RR Co. Survey, Reeves Co., Tx - Graham 2.2 | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 10/15/2012 | 1164-668 | Undivided 2.4% of 8/8ths interest in various leases covering the W/2 of Sec 103 & E/2 of Sec 138, Bl 1, H&TC RR Co. Survey, Reeves Co., TX - Johnson 103-138 | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/15/2013 | 2013-2314 | Undivided 55.1875% of 8/8ths interest in the Brandom Oil,Gas & Mineral Lease covering Sec 44, Bl 53, T2, T&P RR Co. Survey, Loving County, Tx  - Johnson 44 | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/15/2013 | C12460 | Undivided 100% of 8/8ths interest in various leases covering Sec 40, Bl 27, Public School Lands Survey, A-1332, Winkler Co., Tx - Roark Prospect | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/1/2013 | Unrecorded | Undivided 3.775% of 8/8ths interest in State of Texas Oil, Gas & Mineral Lease covering the E/2 of Sec 36, Bl 55, T5, T&P RR Co. Survey, A-3016, Reeves Co., Tx - T. Johnson State Prospect | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |
| Arabella Exploration, LLC | 500 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Owner | 3/1/2013 | Unrecorded | Undivided 1% of 8/8ths interest in the Hord/Bell Oil, Gas & Mineral Lease covering all depths below 6600' of the surface of the earth in the W/2 of Sec 3, Bl C-6, Public School Lands Survey, Reeves Co., Tx - Emily Bell 1H | Consideration believed to be equal to or greater than the value of the transferred assets as set forth in the applicable transfer documentation and otherwise.  Investigation ongoing. |

**Statement of Financial Affairs Schedule 11(a)**
**Closed Financial Accounts**

| Name & Address | Type of Account | Account # | Final Balance | Amount | Date Closed |
|---|---|---|---|---|---|
| Worthington Naitonal Bank | | | | | |
| 500 Main St., Suite 100 | | | | | |
| Fort Worth, TX  76102 | | | | | |
| (817) 303-1200 | Checking | 6025549 | 0.01 | 0.01 | Jul-15 |
| | | | | | |
| Bank of Texas | Checking | 406368 | (13.44) | (13.44) | 7/8/2015 |
| 306 W. Wall St., Suite 100 | Checking | 406775 | (1.13) | (1.13) | 7/8/2015 |
| Midland, Texas  79701 | Checking | 406783 | (29.00) | (29.00) | 7/8/2015 |
| (432) 221-6100 | | | | | |

## STATEMENT OF FINANCIAL AFFAIRS SCHEDULE 19(a)
### LIST OF BOOKKEEPERS AND ACCOUNTANTS FOR LAST TWO YEARS

| Name | Address | Hire Date | Terminated Date | Title |
|------|---------|-----------|-----------------|-------|
| Debra Holt | 6100 Browning St., Apt 22106, N Richland Hills, TX 76182 | 08/27/2014 | | Accounting Manager |
| Kelley Wohlfahrt | 5810 Llano Court, Midland, TX  79707 | 10/01/2012 | | Executive Assistant |
| Terry Sanford | 3927 Felicia Dr., Sugar Land, TX  77479 | 11/04/2013 | 2/14/2015 | CFO |
| Kayli Baker | 4021 Livingston, Midland, TX 79707 | 02/24/2014 | 06/13/2014 | Accounting Clerk |
| Lucy Nanez | 115 S. Bentwood Dr., Midland, TX 79703 | 02/24/2014 | 06/10/2014 | Accounting Clerk |
| Jessica Pena | 1710 S. Loraine, Midland, TX 79701 | 09/09/2013 | 06/10/2014 | Accounting Clerk |
| Misty Elliott | 9901 W. County Road 75, Midland, TX  79707 | 02/03/2014 | 6/6/2014 | Controller |
| Katie Easterling | PO Box 10183, Midland, TX  79702 | 11/04/2013 | 02/04/2014 | Accounting Clerk |
| Melissa Gallagher | 4661 Orchid Lane, Odessa, TX  79761 | 10/02/2013 | 02/04/2014 | Accounting Clerk |
| Michele Draper | 2892 FM 829, Stanton, TX  79782 | 07/22/2013 | 02/03/2014 | Accounting Clerk |
| Breann Hall | 3412 Baumann Ave., Midland, TX 79703 | 06/07/2011 | 11/29/2013 | Controller |
| Tiffany clemons | 4410 W. Denager, Midland, TX  79707 | 01/08/2012 | 09/30/2013 | Land Tech/Accounting Clerk |

## Statement of Financial Affairs Schedule 23

### Withdrawals from a Partnership or Distributions by a Corporation

| Name | Address | Relationship to Debtor | Date of Withdrawal | Purpose of Withdrawal | Amount of Money or Description & Value of Property |
|---|---|---|---|---|---|
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 8/28/2014 | Payment towards distribution of oil & gas revenue | 5,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 8/29/2014 | Payment towards distribution of oil & gas revenue | 5,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 9/29/2014 | Payment towards distribution of oil & gas revenue | 25,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 9/30/2014 | Payment towards distribution of oil & gas revenue | 40,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 10/1/2014 | Payment towards distribution of oil & gas revenue | 3,800.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 10/1/2014 | Payment towards distribution of oil & gas revenue | 8,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 10/2/2014 | Payment towards distribution of oil & gas revenue | 4,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 10/6/2014 | Payment towards distribution of oil & gas revenue | 2,250.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 10/8/2014 | Payment towards distribution of oil & gas revenue | 65,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 10/9/2014 | Payment towards distribution of oil & gas revenue | 68,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 10/14/2014 | Payment towards distribution of oil & gas revenue | 5,000.00 |

| | | | | | |
|---|---|---|---|---|---|
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 10/14/2014 | Payment towards distribution of oil & gas revenue | 25,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 10/21/2014 | Payment towards distribution of oil & gas revenue | 5,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 10/22/2014 | Payment towards distribution of oil & gas revenue | 68,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 10/23/2014 | Payment towards distribution of oil & gas revenue | 10,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 10/23/2014 | Payment towards distribution of oil & gas revenue | 5,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 10/23/2014 | Payment towards distribution of oil & gas revenue | 23,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 10/24/2014 | Payment towards distribution of oil & gas revenue | 3,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 10/30/2014 | Payment towards distribution of oil & gas revenue | 20,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 11/6/2014 | Payment towards distribution of oil & gas revenue | 8,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 11/10/2014 | Payment towards distribution of oil & gas revenue | 18,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 11/14/2014 | Payment towards distribution of oil & gas revenue | 5,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 11/19/2014 | Payment towards distribution of oil & gas revenue | 2,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX  76102 | Working Interest Investor | 11/19/2014 | Payment towards distribution of oil & gas revenue | 28,000.00 |

| | | | | | |
|---|---|---|---|---|---|
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 11/20/2014 | Payment towards distribution of oil & gas revenue | 67,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 11/24/2014 | Payment towards distribution of oil & gas revenue | 10,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 11/25/2014 | Payment towards distribution of oil & gas revenue | 25,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 12/2/2014 | Payment towards distribution of oil & gas revenue | 3,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 12/4/2014 | Payment towards distribution of oil & gas revenue | 19,500.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 12/9/2014 | Payment towards distribution of oil & gas revenue | 10,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 12/10/2014 | Payment towards distribution of oil & gas revenue | 49,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 12/22/2014 | Payment towards distribution of oil & gas revenue | 23,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 12/29/2014 | Payment towards distribution of oil & gas revenue | 19,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 12/29/2014 | Payment towards distribution of oil & gas revenue | 6,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 12/31/2014 | Payment towards distribution of oil & gas revenue | 120,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 1/5/2015 | Payment towards distribution of oil & gas revenue | 75,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 2/3/2015 | Payment towards distribution of oil & gas revenue | 8,200.00 |

| | | | | | |
|---|---|---|---|---|---|
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 2/4/2015 | Payment towards distribution of oil & gas revenue | 960.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 2/27/2015 | Payment towards distribution of oil & gas revenue | 50.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 3/13/2015 | Payment towards distribution of oil & gas revenue | 10.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 3/23/2015 | Payment towards distribution of oil & gas revenue | 97,856.01 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 3/24/2015 | Payment towards distribution of oil & gas revenue | 1,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 3/25/2015 | Payment towards distribution of oil & gas revenue | 250.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 3/27/2015 | Payment towards distribution of oil & gas revenue | 21,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 3/27/2015 | Payment towards distribution of oil & gas revenue | 20,905.94 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 4/1/2015 | Payment towards distribution of oil & gas revenue | 8,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 4/3/2015 | Payment towards distribution of oil & gas revenue | 131,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 4/20/2015 | Payment towards distribution of oil & gas revenue | 2,500.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 4/22/2015 | Payment towards distribution of oil & gas revenue | 4,500.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 4/22/2015 | Payment towards distribution of oil & gas revenue | 41,000.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 4/23/2015 | Payment towards distribution of oil & gas revenue | | 77,500.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 4/27/2015 | Payment towards distribution of oil & gas revenue | | 2,500.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 4/28/2015 | Payment towards distribution of oil & gas revenue | | 2,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 4/28/2015 | Payment towards distribution of oil & gas revenue | | 10,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 4/29/2015 | Payment towards distribution of oil & gas revenue | | 4,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 4/30/2015 | Payment towards distribution of oil & gas revenue | | 1,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 5/8/2015 | Payment towards distribution of oil & gas revenue | | 9,000.00 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 10/19/2014 | Payment towards distribution of oil & gas revenue | $ | 248,834.09 |
| Arabella Exploration | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Working Interest Investor | 11/20/2014 | Payment towards distribution of oil & gas revenue | $ | 246,808.09 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 8/4/2014 | Distribution | $ | 4,800.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 8/22/2014 | Distribution | $ | 250,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 9/30/2014 | Distribution | $ | 3,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 9/30/2014 | Distribution | $ | 248,959.94 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 10/3/2014 | Distribution | $ | 2,500.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 10/6/2014 | Distribution | $ | 1,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 10/7/2014 | Distribution | $ | 2,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 10/8/2014 | Distribution | $ | 4,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 10/15/2014 | Distribution | $ | 20,000.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 10/20/2014 | Distribution | $ | 32,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 11/20/2014 | Distribution | $ | 10,500.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 12/8/2014 | Distribution | $ | 6,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 12/9/2014 | Distribution | $ | 75,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 12/11/2014 | Distribution | $ | 13,800.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 12/15/2014 | Distribution | $ | 1,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 12/18/2014 | Distribution | $ | 500.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 1/6/2015 | Distribution | $ | 2,800.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 1/8/2015 | Distribution | $ | 1,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 1/9/2015 | Distribution | $ | 3,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 1/13/2015 | Distribution | $ | 13,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 2/9/2015 | Distribution | $ | 27,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 2/11/2015 | Distribution | $ | 33,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 2/23/2015 | Distribution | $ | 110.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 2/23/2015 | Distribution | $ | 1,600.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 2/24/2015 | Distribution | $ | 500.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 2/25/2015 | Distribution | $ | 50,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 2/25/2015 | Distribution | $ | 195,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 3/5/2015 | Distribution | $ | 250.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 3/5/2015 | Distribution | $ | 600.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 3/18/2015 | Distribution | $ | 1,000.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 3/20/2015 | Distribution | $ | 1,500.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 3/24/2015 | Distribution | $ | 500.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 3/31/2015 | Distribution | $ | 335.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 4/3/2015 | Distribution | $ | 165.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 4/6/2015 | Distribution | $ | 670.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 4/20/2015 | Distribution | $ | 837.04 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 4/20/2015 | Distribution | $ | 2,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 4/20/2015 | Distribution | $ | 2,500.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 4/20/2015 | Distribution | $ | 2,500.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 4/21/2015 | Distribution | $ | 1,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 4/30/2015 | Distribution | $ | 2,000.00 |
| Jason Hoisager | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Member/Manager/President | 5/11/2015 | Distribution | $ | 93.10 |
| Arabella Minerals | 509 Pecan St., Suite 200, Fort Worth, TX 76102 | Repayment of loan | 2/23/2015 | Distribution | $ | 300.00 |
| Josh Hoisager | | Relative of Jason Hoisager | 1/12/2015 | Payment for work performed on behalf of the Debtor. | $ | 2,500.00 |
| Arabella Royalty Management | | Affiliate | 12/19/2014 | Repayment of Loan | $ | 10,000.00 |