UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ARABELLA PETROLEUM | § | |
|    COMPANY, LLC, | § | CASE NO. 15-70098-TMD-11 |
| | § | |
|    Debtor. | § | CHAPTER 11 |

**MORRIS D. WEISS, CHAPTER 11 TRUSTEE FOR ARABELLA  PETROLEUM COMPANY, LLC'S MOTION TO APPROVE AND RATIFY ACTIONS BY TRUSTEE**

TO THE HONORABLE TONY DAVIS, UNITED STATES BANKRUPTCY JUDGE:

Morris D. Weiss, Chapter 11 Trustee (the "**Trustee**") for Arabella Petroleum Company, LLC ("**APC**"), files this Motion to Approve and Ratify Actions by Trustee (the "**Motion**"), as follows:

**Summary of Requested Relief**

APC owns certain back-in interests in various oil and gas properties.  Included in those interests are certain "Tag-Along Rights."  Two properties underlying such interests are each in the process of being sold and APC has the right to exercise its Tag-Along Rights and monetize those interests.  Such properties are in the Permian Basin which is enjoying a resurgence in values and activity.  The Trustee has concluded in the exercise of his business judgment that it is prudent to exercise the Tag-Along Rights and generate in excess of $6MM in sales proceeds for the benefit of the creditors in this case.  The other principal assets of the APC estate consist of the right to recover various working interests that were transferred away prior to petition date that are the subject of an adversary proceeding pending in this Court[1].

---

[1] The adversary proceeding is captioned as follows: *Morris D. Weiss, Chapter 11 Trustee For Arabella Petroleum Company, LLC v. Arabella Exploration Inc, et al.,* Adv. No. 16-07002-tmd. Recently, one of the defendants in such action commenced a chapter 11 case in Fort Worth (*In re Arabella Exploration, LLC*, Case No. 17-40120-rfn11) and another commenced a chapter 15 proceeding in the same jurisdiction (*In re Arabella Exploration, Inc.*, Case No. 17-

1.     APC filed a voluntary petition on July 15, 2015.  Morris Weiss was appointed Chapter 11 Trustee for APC on August 20, 2015 upon the request of the Committee (defined below).  Waller Lansden Dortch & Davis LLP is the court-approved counsel for the Trustee, having replaced Taube Summers Harrison Taylor Meinzer Brown effective February 1, 2016.  Additionally, the Court has approved the retention of Lain Faulkner & Co. as accountants to the Trustee.

2.     On July 24, 2015, the United States Trustee appointed a committee of unsecured creditors (the "**Committee**").  The Committee retained Snow, Spence & Green, LLP as its counsel.

3.     The Committee supports the Trustee's decision and the relief sought in this motion.

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157, 1334.  This is a core proceeding.

**The Samson Back-In Interest**

5.     APC is a participant pursuant to that certain ("**Participation Agreement**"): Screaming Eagle Prospect-Pecos County, Texas, dated effective January 1, 2012.  Samson Exploration, LLC ("**Samson**"), successor to a portion of the interest of ExL Energy II, LP under the Participation Agreement, negotiated for a sale of its interest in the properties covered by the Participation Agreement.  As a participant, APC had a right to exercise its Tag-Along rights under the Participation Agreement and sell its interest as well.

---

40119-mxm15).   One of the other defendants, Platinum, was recently placed by the SEC into a receivership action in the Eastern District of New York for operating a billion dollar Ponzi scheme (*SEC, et al. v. Platinum Management (NY) LLC et al.*, case no. 1:16-cv-06848-DLI-VMS).  *See* SEC Charges Platinum Funds and Founder With Defrauding Investors, https://www.sec.gov/news/pressrelease/2016-267.html

6.      Facing a deadline of January 31, 2017, the Trustee, acting in the ordinary course and scope of APC's business, executed the Agreement electing to exercise the Tag-Along rights of APC, entitling APC to recover a portion attributable to its participation interest under the sale. APC's 10% interest amounts to a recovery of $6,247,921.00. Not only does this represent a sound exercise of the Trustee's reasonable business judgment, based upon the sale price, the current market place, the Trustee's understanding of the current market place, the fact that the Trustee had no ability to sell this interest on his own, exercising the tag-along rights is justified under the circumstances. A true and correct copy of the Samson Tag-Along right exercise letter executed and returned by the Trustee on January 18, 2017, is attached hereto as Exhibit "A." At the request of Samson, the names and interests of the other parties have been redacted.

**The Brigham Back-In Interest**

7.      Additionally, APC, on a pre-petition basis, held certain rights pursuant to a Letter Agreement dated September 4, 2013, by and between Piedra Energy II, LLC and Brigham Operating, LLC ("**Brigham**"). Brigham and an affiliate initiated a purchase and sale of Brigham's interest under the Letter Agreement, which triggers APC's Tag-Along rights. Pursuant to a letter dated January 13, 2017, the Trustee had five (5) days to exercise and agree to the tag-along rights. The Trustee did so, again based upon his sound business judgment, and the fact that the Trustee was not in a position to negotiate a sale of APC's rights independently. A true and correct copy of the Brigham Tag-Along right exercise letter executed and returned by the Trustee on January 13, 2017, is attached hereto as Exhibit "B."

8.      Neither of the exercises of the Tag-Along Rights imposes any costs from the Estate and, instead, will result in a substantial recovery to the Estate.

9.      Though the Trustee believes that these were ordinary course transactions pursuant to 11 U.S.C. §§363(b) and 1108, the Trustee requests that the Court ratify and approve the Trustee's execution of the Tag-Along Right letters and the exercise of the tag-along rights, nunc pro tunc as of their dates of execution.

**WHEREFORE**, based on the foregoing, the Trustee requests the Court approve this Motion and that he have such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: */s/ Mark C. Taylor*
          Eric J. Taube
          State Bar No. 19679350
          Mark C. Taylor
          State Bar No. 19713225
          Andrew P. Vickers
          State Bar No. 24084021
          100 Congress Avenue, Suite 1800
          Austin, Texas 78701
          (512) 685-6400
          (512) 685-6417 (FAX)
          eric.taube@wallerlaw.com
          mark.taylor@wallerlaw.com
          andrew.vickers@wallerlaw.com

ATTORNEYS FOR MORRIS D. WEISS,
CHAPTER 11 TRUSTEE

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that a true and correct copy of the foregoing document has been served upon those parties listed on the attached Service List by first class mail and by ECF notice where applicable on this 24th day of January, 2017:


           */s/ Mark C. Taylor*
           Mark C. Taylor