**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Case No. 15-70098-rbk |
| | § | |
| ARABELLA PETROLEUM COMPANY, LLC | § | Chapter 11 |
| | § | |
| Debtor | § | |
| _____/ | § | |

**SUPPLEMENTAL EXHIBIT IN SUPPORT OF
BART SCHWARTZ, IN HIS CAPACITY AS THE SEC RECEIVER FOR
PLATINUM PARTNER CREDIT OPPORTUNITIES MASTER FUND, LP, AND
PLATINUM LONG TERM GROWTH VIII, LLC'S RESPONSE IN SUPPORT OF
TRUSTEE'S MOTION TO APPROVE AND RATIFY ACTIONS BY TRUSTEE AND
REQUEST FOR MODIFIED RELIEF**

Bart M. Schwartz, in his capacity as the SEC Receiver for Platinum Partner Credit Opportunities Master Fund, LP, and Platinum Long Term Growth VIII, LLC (the "SEC Receiver"),[1] files this supplemental exhibit, **Exhibit 8**, in support of his Response in Support of Trustee's Motion to Approve and Ratify Actions by Trustee and Request for Modified Relief ("Response") [Filed at DN 278].

                                              Respectfully submitted,

                                              SCHAFER AND WEINER, PLLC

                                              /s/ Michael E. Baum
                                              MICHAEL E. BAUM (P29446)
                                              Counsel for Bart M. Schwartz, in his
                                              capacity as the SEC Receiver for
                                              Platinum Partners Credit Opportunities
                                              Master Fund, LP and Platinum Long Term
                                              Growth VIII, LLC
                                              40950 Woodward Avenue, Suite 100
                                              Bloomfield Hills, MI  48304
                                              (248) 540-3340

Dated:  January 27, 2017                    mbaum@schaferandweiner.com

---

[1] Mr. Schwartz was appointed as a result of a complaint filed by the U.S. Securities and Exchange Commission in the United States District Court for the Eastern District of New York. A copy of the Receiver Order is attached to the Response as **Exhibit 1**.

{00668932.1}

# EXHIBIT

# 8

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 15-70098-rbk |
| | § | |
| ARABELLA PETROLEUM COMPANY, LLC | § | Chapter 11 |
| | § | |
| Debtor | § | |
| / | § | |

### AFFIDAVIT OF BART M. SCHWARTZ

STATE OF NEW YORK   )
                    ) SS:
COUNTY OF NEW YORK  )

Bart M. Schwartz, being duly sworn, states as follows:

1. I have personal knowledge of the facts stated in this Affidavit and, if sworn as a witness, I can testify competently to them.

2. On December 19, 2016, the United States Securities and Exchange Commission ("SEC") filed a lawsuit against Platinum Management (NY) LLC ("Platinum Management") and Platinum Credit Management, L.P. ("Platinum Credit", together with Platinum Management, the "Platinum Defendants"), among others, in the United States District Court for the Eastern District of New York, Case No. 16-cv-06848-DLI-VMS [DN 1] ("SEC Lawsuit").

3. The SEC filed the SEC Lawsuit to identify and protect hundreds of millions of dollars of funds invested with entities affiliated with the Platinum Defendants, within an extremely tangled web of transactions.

{00668818.2}

4. The SEC Lawsuit specifically alleges a multi-pronged fraudulent scheme by Platinum Management and Platinum Credit, the managers of hedge funds Platinum Partners Value Arbitrage Master Fund L.P. ("PPVA") and Platinum Partners Credit Opportunities Master Fund L.P. ("PPCO"), to deceive investors and overvalue interests.

5. The PPVA fund is currently in liquidation in the Cayman Islands. The PPVA Cayman liquidators subsequently commenced an ancillary bankruptcy proceeding in the United States, under Chapter 15 of the United States Bankruptcy Code.

6. While the PPVA fund is currently under the protection of the Cayman liquidators, the SEC filed the SEC Lawsuit to, in part, protect the assets under and have a court-appointed receiver installed over the domestic PPCO fund.

7. On December 19, 2016, almost immediately after the SEC filed the SEC Lawsuit, the SEC Lawsuit court entered its Order Appointing Receiver (SEC Lawsuit, DN 6, "Receiver Order"), and appointed me to serve as the "Receiver."

8. Under the Receiver Order, the court found that it was necessary and appropriate to appoint a receiver over PPCO and related entities for the purposes of marshalling and preserving all assets of PPCO, to, among other things, ascertain the extent of commingling of funds among the Receivership Entities (which includes PPCO, as defined under the Receiver Order), prevent further dissipation of the property and assets of the Receivership Entities, prevent the encumbrance or disposal of property or assets of the Receivership Entities, and protect investors' assets.

9. The Receiver Order charges me with the powers and duties to, among other things, determine the nature, location and value of all property interests of the

{00668818.2} 2

Receivership Entities, to take such action as is necessary and appropriate to preserve the Receivership Property (as defined in the Receiver Order) or to prevent the dissipation or concealment of Receivership Property, and to investigate transactions by and among the Receivership Entities, defendants and any other persons and entities.

10. The Receiver Order also authorizes, directs and empowers me to investigate, prosecute, defend, intervene in or otherwise participate in any state, federal or foreign court proceeding of any kind as may be advisable or proper to recover and/or conserve Receivership Property.

11. The Receiver Order further authorizes me to investigate the manner in which the financial business affairs of the Receivership Entities were conducted and, after obtaining leave of the court, institute such actions and legal proceedings as I deem necessary and appropriate.

12. I am in the process of identifying and clarifying the extremely tangled web of transactions, included in which are funds loaned by PPCO to Arabella Exploration, Inc., a Cayman Islands company ("AEX Inc."), which wholly owns, among others, Arabella Exploration, Limited Liability Company, a Texas Limited Liability Corporation ("AEX LLC").[1,2]

---

[1] On June 15, 2016, the Grand Court of the Cayman Islands entered an order appointing joint provisional liquidators over AEX Inc. (Cause No. FSD 72 of 2016 (RMJ). Subsequently, on January 8, 2017, AEX Inc. filed a Chapter 15 Petition for Recognition of a Foreign Proceeding under the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Texas, Fort Worth Division (Case No. 17-40119-MXM15).

[2] On January 8, 2017, AEX LLC filed for voluntary protection under Chapter 11 of the Bankruptcy Code in the Northern District of Texas, Fort Worth Division (Case No. 17-40120-rfn11) ("AEX LLC Bankruptcy").

{00668818.2}  3

13. AEX Inc. and AEX LLC are also defendants in an adversary proceeding before this Court, filed by Morris D. Weiss, Chapter 11 Trustee ("Trustee") for Arabella Petroleum Company, LLC ("APC Debtor") (Adv. Pro. No. 16-07002-TMD) (the "Adversary Proceeding").

14. The Trustee recently filed before this Court a Motion to Approve and Ratify Actions by Trustee to recover funds and attempt to realize over $6.2 million ("Sale Proceeds") from two sales of interests in oil and gas properties that the APC Debtor allegedly owns.

15. As the Receiver in the SEC Lawsuit charged to determine the nature, location and value of all property interests of PPCO, take any action necessary and appropriate to preserve the assets of PPCO, to prevent the dissipation or concealment of the assets of PPCO and to investigate transactions by PPCO, I am concerned that the Sale Proceeds may be Receivership Property that must be protected.

16. The Trustee already initiated the Adversary Proceeding to determine issues related to property transferred by the APC Debtor to AEX LLC. The Trustee most likely initiated the Adversary Proceeding because these issues are extremely complicated and difficult to determine.

**[Remainder of page left intentionally blank]**

17. In accordance with my authority to investigate the manner in which PPCO conducted its activities, and to recover or conserve Receivership Property, I believe that the Sale Proceeds must be placed into escrow until the ownership interest in the Sale Proceeds can be determined.

Further Affiant Sayeth Naught

*Bart M. Schwartz*

Bart M. Schwartz, in his capacity
as the Receiver of the Receivership Entities
(as defined in the Receiver Order)

SUBSCRIBED and SWORN to before me this
27 day of January, 2017

*Barbara A. Saccente*
Notary Public

My commission expires: 3/8/19

BARBARA A. SACCENTE
Notary Public, State of New York
No. 41-5009013
Qualified in Queens County
Commission Expires 3/8/19

{00668818.2}  5